**CITY OF FEDERAL HEIGHTS,
Plaintiff-Appellee,**

v.

**KNIGHT MOBILE HOMES, INC.,
Defendant-Appellant.**

No. 79CA0528.

Colorado Court of Appeals,

Aug. 13, 1981.

Rehearing Denied Sept. 24, 1981.

Certiorari Denied Dec. 7, 1981.

Tallmadge, Tallmadge, Wallace & Hahn, P. C., John W. Smith, Denver, for plaintiff-appellee.

Alan E. Karsh, P. C., Alan E. Karsh, Denver, for defendant-appellant.

BERMAN, Judge.

In this zoning ordinance case, defendant appeals from a trial court judgment permanently enjoining defendant "from placing mobile homes, whether used for office, sales or display purposes, within 75 feet of the present right-of-way at 9800 Federal Boulevard, City of Federal Heights[, Colorado]." We reverse.

The evidence showed and the trial court expressly found that the land at 9800 Federal Boulevard had been used as a mobile home sales lot from 1970 to the time of trial in the instant case; that such use had not expanded or changed significantly during that period of time; that defendant took over operation of the lot in 1976; and that defendant remained engaged in mobile home sales at that location at the time of trial. The court also found that, in 1978, some of the mobile homes displayed on the subject property were stationed as close as twenty-two feet from the Federal Boulevard right-of-way.

Issuance of the instant injunction was premised upon what the trial court deemed a violation of zoning provisions contained in the Federal Heights Municipal Code. Rely-

ing primarily upon a February 4, 1975, amendment to § 10–1–18(B) of that Code, the trial court held that placement of structures less than 75 feet from the Federal Boulevard right-of-way violates the Code.[1]

At trial, defendant raised the defense of prior non-conforming use. *See generally Service Oil Co. v. Rhodus*, 179 Colo. 335, 500 P.2d 807 (1972); *Denver v. Board of Adjustment,* 31 Colo.App. 324, 505 P.2d 44 (1972). The trial court, however, held that:

> "The issue presented by this case does not involve non-conforming uses. Knight Mobile Homes has the right to continue to use the property for retail sales of mobile homes. The issue is whether they may have *structures* on the premises which do not conform to the setback requirements." (emphasis added)

Since defendant admitted that the mobile homes it had on display at the time of trial were not the very same ones which were displayed prior to enactment on February 4, 1975, of the ostensible set-back requirements (*see* note 1, *supra*), the trial court concluded that defendant was not entitled to the benefit of the prior non-conforming structure doctrine, *see generally Service Oil Co., supra; Denver, supra*, and, hence, that defendant's positioning of mobile homes less than 75 feet from the Federal Boulevard right-of-way violated the ordinance.

The ordinance here at issue expressly applies the set-back requirements to "structures." However, the ordinance does not define "structure," nor does it specify whether a mobile home displayed for sale in the ordinary course of a mobile home dealer's business constitutes a "structure." Manifestly, though, the trial court deemed mobile homes displayed for such purpose to be "structures" within the meaning of the set-back provisions of the ordinance.

In this case, the trial court read the word "structure" too broadly. We hold that a mobile home held as part of a mobile home dealer's inventory, for sale in the ordinary course of such a dealer's business, is not a "structure" as that term is used in the ordinances here involved.

We are not deciding, and are not called upon here to decide, whether a municipality may include mobile homes held as inventory within the definition of "structures" if it so provides in its zoning ordinance. Also, we do not intimate by our holding that a mobile home used as a dwelling, or placed with the intention that such placement be permanent, may not properly be deemed a "structure" within the meaning of the instant ordinance or related ordinances.

Since the mobile homes here involved are not "structures," they are not subject to the particular set-back requirements here at issue.

The judgment therefore is reversed and the cause is remanded for entry of judgment consistent with this opinion.

SMITH and VAN CISE, JJ., concur.

---

1. Certified copies of various Federal Heights ordinances and amendments were adduced at trial. Those ordinances and amendments were eventually incorporated into the Federal Heights Municipal Code. We have examined the copies in question and have considered the Federal Heights city building inspector's testimony explaining the meaning and applicability of the provisions they contain. From such examination, it appears that the set-back requirement in force at the time of trial was 65 feet rather than 75 feet. Thus, it is not clear upon what authority the trial court relied in ordering a 75 foot set-back. In view of our resolution, *infra*, of other issues on this appeal, however, we give no formal consideration to the apparent discrepancy.